**Magdarline HERARD, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73784.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Lauren Ann Bortolotti, Moby P. Torres, Esquire, The Torres Law Firm, Chula Vista, CA, for Petitioner.

District Director, Esquire, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Greg D. Mack, U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Magdarline Herard, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to reopen, *Lara–Torres v. Ashcroft*,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The agency did not abuse its discretion in denying Herard's motion to reopen as untimely because the motion was filed more than five years after the final order of removal, *see* 8 C.F.R. § 1003.23(b)(1), and Herard failed to demonstrate changed circumstances in Haiti to qualify for the regulatory exception to the time limits for filing motions to reopen, *see* 8 C.F.R. § 1003.23(b)(4)(i), *see also Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.